Rob A. Rodriguez S.B.N. 224511
Richard A. Apodaca S.B.N. 292294
Ruchika Gupta S.B.N. 317507
**RODRIGUEZ APODACA LAW FIRM LLP**
Empire Towers I
3633 Inland Empire Blvd., Suite 575
Ontario, CA 91764
Telephone: (909) 944-3777
Facsimile: (909) 944-5777

**Attorneys for Plaintiff,** Jonathan Harrison

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO, CENTRAL JUSTICE CENTER

| | |
|---|---|
| JONATHAN HARRISON, an individual; | Case No.: **CIVDS2007158** |
| PLAINTIFF, | FIRST AMENDED COMPLAINT FOR DAMAGES |
| vs. | 1) **MOTOR VEHICLE NEGLIGENCE** |
| | 2) **NEGLIGENCE PER SE (Vehicle Code § 21711)** |
| WERNER ENTERPRISES, a corporation; DELBERT PITTMAN, an individual; and DOES 1 through 10, inclusive. | 3) **NEGLIGENT HIRE, SUPERVISION, TRAINING, AND RETENTION** |
| | 4) **NEGLIGENT ENTRUSTMENT (Vehicle Code §17150)** |
| DEFENDANTS. | **DEMAND FOR JURY TRIAL** |

**TO THE DEFENDANTS AND THEIR ATTORNEY OF RECORD:**

Plaintiff, JONATHAN HARRISON ("PLAINTIFF"), as and for his first amended complaint against Defendants WERNER ENTERPRISES, DELBERT PITTMAN, and DOES 1 through 10, alleges the following:

///

Exhibit 1-1

# I.
## JURISDICTION AND VENUE

1. Jurisdiction is proper in the San Bernardino Superior Court of the State of California under *California Code of Civil Procedure* § 410.10.

2. Venue is proper in the Justice Center Courthouse, under *California Code of Civil Procedure* § 395(a), because the acts and omission out of which this action arises occurred within this County and venue and judicial district in or near the City of Ontario in San Bernardino County, CA.

# II.
## THE PARTIES

3. Plaintiff, JONATHAN HARRISON ("MR. HARRISON" or "PLAINTIFF"), is now and at all times relevant herein, a resident of the City of Riverside in Riverside County in the State of California.

4. Based upon information and belief, and upon that basis, PLAINTIFF alleges that Defendants WERNER ENTERPRISES (hereinafter "WERNER"), DELBERT PITTMAN (hereinafter "PITTMAN"), and DOES 1 through 10 (hereinafter "DOES"), inclusive, are at all relevant times herein residents of the State of California.

5. The true names and capacities of Defendants DOES 1 through 10, inclusive, whether individual, corporate, associate or otherwise, are not known to PLAINTIFF who therefore sue said Defendants by such fictitious names and PLAINTIFF will ask leave of court to amend this compliant to show their true names and capacities when the same have been ascertained. PLAINTIFF is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE is legally

RODRIGUEZ APODACA
LAW FIRM LLP

responsible in some manner for the events and happenings referred to herein and negligently caused the injuries and damages to PLAINTIFF as alleged herein.

6. Defendant WERNER, PITTMAN, and/or DOES shall be referred to collectively as "DEFENDANTS."

7. PLAINTIFF is informed and believes, and thereon alleges that at all times herein relevant, each DEFENDANT was the agent, employee, and/or partner of each of the DEFENDANTS herein, and was acting within the course and scope of said agency, employment, and/or partnership and pursuant to the purposes of said agency, employment, and/or partnership.

## III.
## MOTOR VEHICLE ACCIDENT

8. On or about December 17, 2018, at or near the 10 freeway, in the City of Ontario, California, DEFENDANTS, and each of them, so negligently operated, maintained, controlled, and entrusted DEFENDANTS' vehicle, so as to cause DEFENDANTS' vehicle to collide with and strike PLAINTIFF'S vehicle, causing the injuries and damages herein after set forth.

9. At said time, DEFENDANTS negligently owned, maintained, operated and/or drove their vehicle so as to collide with PLAINTIFF'S vehicle and which act and/or neglect was the legal cause of PLAINTIFF'S catastrophic injuries.

10. Based upon information and belief, and upon that basis, PLAINTIFF alleges that at the time of the collision, DEFENDANTS, and each of them, violated California's *Vehicle Code § 21711*, and which act and/or neglect was the legal and proximate cause of PLAINTIFF'S catastrophic injuries.

RODRIGUEZ APODACA
LAW FIRM LLP

11. Due to the previously aforesaid negligence by DEFENDANTS, and each of them, PLAINTIFF has suffered and continues to suffer injuries to his health, strength and activity, and other injuries, all of which will result in disability, emotional damages, and general damages, and special damages in an amount not presently known, but which exceeds the minimal jurisdictional requirements of this Court, according to proof at the time of trial.

12. As a result of the negligence of DEFENDANTS, and each of them, PLAINTIFF incurred, and will continue to incur hospital, medical, rehabilitation, custodial, and related expenses in an amount according to proof, but which exceeds the minimal jurisdictional requirement of this Court.

13. As a further and proximate result of the negligence of DEFENDANTS, and each of them, PLAINTIFF has lost wages, and will continue to lose wages.

14. As a further and proximate result of the negligence of the DEFENDANTS, and each of them, PLAINTIFF's earning capacity has been greatly impaired in the future in an amount according to proof at the time of trial.

15. As a further and proximate result of the negligence of DEFENDANTS, and each of them, PLAINTIFF has lost the use of property and has incurred property damages.

16. The negligence and carelessness of each of the DEFENDANTS combined and cooperated with the negligence and carelessness of each of the remaining DEFENDANTS was the cause of the described incident.

17. PLAINTIFF is in the class of persons that the California *Vehicle Code* is intended to protect and PLAINTIFF is informed and believes that DEFENDANTS' conduct

was in violation of applicable vehicle code and that the DEFENDANTS' violation of said code makes DEFENDANTS' conduct negligent per se.

## IV.
### FIRST CAUSE OF ACTION
### MOTOR VEHICLE NEGLIGENCE AS TO ALL DEFENDANTS

18. PLAINTIFF incorporates by reference paragraphs 1 through 17, inclusive, as though fully repeated and set forth herein, unless said paragraph contradicts the cause of action herein stated.

19. DEFENDANTS owed PLAINTIFF the duty to not negligently operate, unsafely operate, and maintain their vehicle as to collide with PLAINTIFF's vehicle.

20. On or about December 17, 2018, in the City of Ontario, California, DEFENDANTS' vehicle was traveling westbound on the 10 freeway and recklessly took a turn too tightly in an effort to get in front of PLAINTIFF's Vehicle and failed to control the trailer compartment which collided with the left side of PLAINTIFF'S vehicle.

21. DEFENDANTS, and each of them, drove near PLAINTIFF's vehicle in an unsafe manner and/or operated a train of vehicles allowing the trailer compartment to whip and swerve from side to side, failing to substantially follow in the path of the towing vehicle, which caused DEFENDANTS' vehicle to collide with the left side of PLAINTIFF's vehicle.

22. DEFENDANTS, and each of them, breached the duties described in paragraph 19.

23. Said breach was the actual and legal cause of the PLAINTIFF's catastrophic injuries and damages that exceed the minimal jurisdiction of this court.

///

///

RODRIGUEZ APODACA
LAW FIRM LLP

Exhibit 1-5

Exhibit 1-6

## V.
## SECOND CAUSE OF ACTION
## NEGLIGENCE PER SE IN VIOLATION OF
## CALIFORNIA VEHICLE CODE §21711 AS TO ALL DEFENDANTS

24. PLAINTIFF incorporates by reference paragraph 1 through 23, inclusive, as though fully repeated and set forth herein, unless said paragraph contradicts the cause of action herein stated.

25. PLAINTIFF is in the class of persons for whose protection *California Vehicle Code* § 21711 was adopted, and the injuries to PLAINTIFF resulted from an occurrence of the nature which *California Vehicle Code* Section 21711 was designed to prevent.

26. PLAINTIFF alleges that at the time of the collision, DEFENDANTS, inclusive, violated California's *Vehicle Code* § 21711, by allowing the trailer compartment of the vehicle to whip and swerve from side to side, failing to substantially follow in the path of the towing vehicle, which caused DEFENDANTS' vehicle to collide with the left side of PLAINTIFF's vehicle.

27. The violation of California *Vehicle Code* § 21711 was the actual and legal cause of PLAINTIFF's catastrophic injuries described herein.

## VII.
## THIRD CAUSE OF ACTION
## NEGLIGENT HIRE, SUPERVISION, TRAINING, AND RETENTION AS TO
## DEFENDANTS WERNER AND DOES

28. MR. HARRISON incorporates by reference paragraphs 1 through 27, inclusive, as though fully repeated and set forth herein, unless said paragraph contradicts the cause of action herein stated.

///

Exhibit  1-7

Exhibit  1-8

29. Defendant, WERNER and/or DOES hired Defendant PITTMAN. On or about December 17, 2018, PITTMAN was in the course and scope of his employment with WERNER and/or DOES when he caused the collision between DEFENDANT'S and MR. HARRISON'S vehicle.

30. PLAINTIFF is informed and believes and based on that information and belief alleges that Defendant PITTMAN was incompetent and unfit to perform the work for which he was hired.

31. PLAINTIFF is informed and believes and based on that information and belief alleges that Defendants WERNER and/or DOES knew, or in the exercise of reasonable care should have known, that Defendant PITTMAN was incompetent and unfit to perform the job that she was hired to perform or allowed to perform, and that the performance of this job involved the risk of harm to others such as PLAINTIFF.

32. PLAINTIFF is informed and believes and based on that information and belief alleges that Defendant, WERNER and/or DOES, failed to provide Defendant PITTMAN with the proper training necessary to perform his job in a safe manner that would not cause harm to others like PLAINTIFF. Specifically, Defendants, WERNER and/or DOES failed to properly train Defendant PITTMAN to abide by his obligations under the California Vehicle Code, including but not limited to: recklessly driving his vehicle.

33. Defendant, WERNER, and/or DOES' negligent hiring, supervision, training, and/or retention of Defendant PITTMAN was the actual and legal cause of MR. HARRISON'S catastrophic injuries described herein.

Exhibit  1-9

## VIII.
### FOURTH CAUSE OF ACTION
**NEGLIGENT ENTRUSTMENT IN VIOLATION OF CALIFORNIA VEHICLE CODE § 17150 AS TO DEFENDANTS WERNER AND DOES**

34. MR. HARRISON incorporates by reference paragraphs 1 through 33, inclusive, as though fully repeated and set forth herein, unless said paragraph contradicts the cause of action herein stated.

35. Defendant WERNER and DOES, by way of its ownership of the 2017 Kenworth T680 with an attached trailer, is legally obligated for the negligence of Defendant PITTMAN, which is imputed on WERNER, pursuant to *Vehicle Code* § 17150.

36. Defendant WERNER, and DOES knew, or should have known that Defendant PITTMAN was unfit as a driver and often drove in a negligent manner.

37. Despite this knowledge, Defendant WERNER and/or DOES, in conscious disregard of the rights of MR. HARRISON, knowingly and oppressively provided, supplied, and entrusted its 2017 Kenworth T680 with an attached trailer, to Defendant PITTMAN and knew, or in the exercise of reasonable care, should have known, that Defendant PITTMAN was an incompetent and unsafe driver who had a history of driving vehicles negligently.

38. Defendant, WERNER and/or DOES failed to take corrective measures in their employment practices, continued to allow Defendant PITTMAN to operate said vehicle, which was a substantial factor in causing catastrophic harm to MR. HARRISON.

39. Defendant, WERNER, and/or DOES' negligent entrustment of a motor vehicle to Defendant PITTMAN was the actual and legal cause of MR. HARRISON'S catastrophic injuries described herein.

Exhibit 1-10

# IX.
## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, JONATHAN HARRISON, pray for judgment against

DEFENDANTS as follows:

1. For general damages in an amount in excess of the minimum jurisdictional limits

   of this court;

2. For special damages according to proof;

3. For such loss of earnings and earning capacity according to proof;

4. For the reasonable value of such medical expenses, x-rays, laboratory

   procedures, hospitalization, nursing care, and attention and drugs, according to

   proof;

5. For pain and suffering and resulting lifestyle changes that resulted from the injury

   sustained;

6. For interest on PLAINTIFF's damages as allowed by law;

7. For costs of suit incurred herein; and

8. For such other and further relief as the court may deem just and proper.

DATE:  3/27/20

RODRIGUEZ APODACA LAW FIRM LLP

By:

Rob A. Rodriguez
Attorney for Plaintiff, Jonathan Harrison